1  Joanna Ardalan (SBN 285384)
   Email: jardalan@@@onellp.com
2  **ONE LLP**
   23 Corporate Plaza, Suite 150-105
3  Newport Beach, CA 92660
   Telephone:   (310) 437-8665
4  Facsimile:   (310) 943-2085

5  Attorney for Plaintiff,
   KIRACO 2
6

7

8

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  KIRACO 2, a Nevada Corporation,     |  Case No.

14            Plaintiff,                 |  **COMPLAINT FOR:**
15                                       |  **(1)   TRADE DRESS**
       v.                               |        **INFRINGEMENT (15 U.S.C. §**
16                                       |        **1114);**
17  AA TOBACCO SHOP, a California        |  **(2)   TRADEMARK**
    corporation, d/b/a WHITE RABBIT;     |        **COUNTERFEITING (15 U.S.C.**
18  MIKE SARIEDDINE, an individual; and  |        **§ 1116);**
    DOES 1-10, inclusive,                |  **(3)   FALSE DESIGNATION OF**
19                                       |        **ORIGIN/UNFAIR**
20           Defendants.                 |        **COMPETITION (15 U.S.C. §**
                                         |        **1125(a));**
21                                       |  **(4)   UNFAIR COMPETITION**
22                                       |        **(CAL. BUS. & PROF. CODE**
                                         |        **§§ 17200 *ET SEQ.*); AND**
23                                       |  **(5)   COMMON LAW UNFAIR**
24                                       |        **COMPETITION**
25
26                                       |  **DEMAND FOR JURY TRIAL**

27

28

---

                    **COMPLAINT**

Plaintiff Kiraco 2 ("Kiraco" or "Plaintiff"), by and through its attorneys of record, complains against Defendants AA Tobacco Shop, d/b/a White Rabbit ("AA Tobacco Shop"), Mike Sarieddine ("Sarieddine"), and DOES 1 through 10, inclusive (collectively, "Defendants"), as follows:

## JURISDICTION AND VENUE

1.      This is a civil action against Defendants for trade dress infringement, counterfeiting, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and common law unfair competition.

2.      This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1338(a)-(b), and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this judicial district and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because they reside in this district.  Moreover, Defendants have engaged in direct trade dress, or have otherwise induced trade dress infringement in this judicial district, and Defendants have sold the infringing products to customers in this district.

## PARTIES

4.      Kiraco is a corporation existing under the laws of Nevada, with its principal place of business in Northridge, California.

5.      On information and belief, AA Tobacco Shop is a corporation existing under the laws of California, with its principal place of business in Encino, California. AA Tobacco Shop is currently suspended by the Franchise Tax Board and the Secretary of State, and has been since, at least, 2013.

**COMPLAINT**

6.      On information and belief, Sarieddine is an individual who resides in Northridge, California and serves as the Chief Executive Officer and owner of Defendant AA Tobacco Shop.

7.      DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated here as a "DOE" is legally responsible in some manner for the events and happenings herein alleged and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

8.      Kiraco is the owner and manufacturer of the AppleOnTop hookah bowl, a fresh take on the traditional hookah bowl. With its unique, ornamental shape and distinctive leaf-handle, AppleOnTop is instantly recognizable on the market. The AppleOnTop bowl is known for its unbreakable design that creates an unparalleled hookah experience. The AppleOnTop bowl comes in a number of colors and is sold for $39.99 retail.

9.      Kiraco and its predecessor in interest, Kiraco LLC, has spent substantial time, money, and effort in developing consumer recognition, its goodwill, and awareness of its trademarks. Through the extensive use of its marks and trade dress, Kiraco has built and developed significant goodwill in its products.

10.     The AppleOnTop bowl trade dress (hereafter, "AppleOnTop Trade Dress") is registered with the United States Patent and Trademark Office, with respect to "hookah parts, namely bowls," as registration number 6,143,919. A true and correct copy of the '919 Mark is attached hereto as **Exhibit A.**

11.     Kiraco LLC has assigned to Kiraco 2 all rights, title, and interest in and to the AppleOnTop Trade Dress and its registration, together with the goodwill of

the business connected with the use of, and symbolized by, the AppleOnTop Trade Dress.

12.    Kiraco's instantly recognizable products and trademarks, including its trade dress, makes Kiraco the target of counterfeiters. These unscrupulous entities tarnish Kiraco's brand by unlawfully using the AppleOnTop Trade Dress to unauthentic, and potentially harmful products, leading them to illegitimate profits. Consumers are misled when they purchase these inferior products while under the belief the products are authentic Kiraco products.

**DEFENDANTS' UNLAWFUL ACTIVITIES**

13.    Defendant AA Tobacco Shop is a suspended corporation by both the California Franchise Tax Board and the California Secretary of State. Defendant Sarieddine is the CEO and owner of AA Tobacco Shop. Despite permitting his corporation to be suspended since 2013, Mr. Sarieddine has continued to operate a smoke shop known as "White Rabbit." The receipts from Defendant AA Tobacco Shop list the seller as "White Rabbit Inc.," despite the fact that no such entity exists. On information and belief, Defendant intentionally listed an incorrect corporation name to discourage people from finding the entity responsible for the ongoing unlawful conduct that occurs through AA Tobacco Shop.

14.    Sarieddine is a sophisticated businessperson who describes himself as a "visionary entrepreneur." He has an extensive history of filing trademarks in his name as an individual and enforcing those trademarks through litigation, including in this district. Specifically, he has registered and/or applied for the following trademark in his individual capacity:

a.    ANSWERMANIA, U.S. Registration No. 4,400,980.

b.    ANSWERMANIA, U.S. Registration No. 4,401,002.

c.    TITANIUM COIL, U.S. Serial No., 85921256 (not registered).

d.    ALIEN VAPE. VAPE JUST GOT REAL !, U.S. Registration No. 4,517,249.

4

**COMPLAINT**

1       e.    ALIAN VAPE, U.S. Registration No. 4,997,336.

2       f.    ROSWELL, U.S. Registration No. 5,081,680.

3       g.    AREA 51, U.S. Registration No. 5,081,681.

4       h.    ALIEN, U.S. Registration No. 7,408,896.

5       i.    BOBA'S BOUNTY, U.S. Registration No. 4,436,263.

6       j.    AP ORIGINIAL, U.S. Registration No. 5,667,057.

7       k.    AP 2, U.S. Registration No. 5,740,286.

8       l.    ALIEN PISS, U.S. Registration No. 5,149,113.

9       m.    ALIEN KISS, U.S. Registration No. 6,303,522.

15.   Defendant Sarieddine has extensively enforced his trademarks through litigation demonstrating a sophisticated understanding of trademark and unfair competition law. For example, he has filed:

    a.    *Sarieddine v. Big Bang Vape Co.*, LLC, 2:17-cv-00989-DSF-SK (C.D. Cal. 2017);

    b.    *Sarieddine v. D and A Distribution, LLC,* 2:17-cv-02390-DSF-SK (C.D. Cal. 2017);

    c.    *Sarieddine v. Sonder, LLC*, 2:17-cv-03779-DSF-SK (C.D. Cal. 2017);

    d.    *Sarieddine v. Downtown Vapes, LLC*, 2:17-cv-08342-PA-AGR (C.D. Cal. 2017);

    e.    *Sarieddine v. Kenneth Andrews*, 2:18-cv-00077-MWF-SS (C.D. Cal. 2018);

    f.    *Sarieddine v. Alien Vapor Enterprises,* LLC, 2:18-cv-03297-CAS-AGR (C.D. Cal. 2018);

    g.    *Sarieddine v. Alien Visions E-Juice, Inc.*, 2:18-cv-03658-PA-MAA (C.D. Cal. 2018)

    h.    *Sarieddine v. Alien Visions E Juice, Inc.*, 2:19-cv-00601-TJH-AFM (C.D. Cal. 2019)

**COMPLAINT**

i.   *Sarieddine v. La Aurora, S.A.*, 2:19-cv-07368-DMG-JC (C.D. Cal. 2019) (alleging declaratory relief for non-infringement)

j.   *Sarieddine v. Alien 51 Pharms, LLC*, 2:19-cv-10715-ODW-MRW (C.D. Cal. 2019)

k.   *Sarieddine v. Vaptio, Inc.*, 2:20-cv-07785-MEMF-MRW (C.D. Cal. 2020)

l.   *Sarieddine v. Connected International, Inc.*, 2:22-cv-02168-DJC-AC (E.D. Cal. 2022)

16.   Beginning on a date that is currently unknown to Plaintiff, and on information and belief continuing to the present, Defendants have, without the consent of Plaintiff, offered to sell and sold within the United States goods that were neither made by nor authorized by Kiraco, using reproductions, counterfeits, copies, and imitations of the AppleOnTop Trade Dress and products.

17.   Thus, Kiraco is informed and believes, and based thereon alleges, that in order to receive higher profit margins, Defendants have held themselves out—through the counterfeit and nearly identical products they carry—to be sponsored by, affiliated with, and otherwise connected with Kiraco through use of the AppleOnTop Trade Dress. Specifically, Defendants have advertised, sold, distributed, displayed, and have offered for sale illegitimate products using the registered AppleOnTop Trade Dress without consent, license, or approval. Attached hereto as **Exhibit B** are true and correct copies of photographs of products ("Infringing Products") purchased from Defendants which infringe the AppleOnTop Trade Dress.

18.   Upon inspection of the products, the counterfeits appear almost identical to the authentic APPLEONTOP bowls. Attached hereto as **Exhibit C** is true and correct copy of a photograph of the legitimate Kiraco product. Defendants have used the AppleOnTop Trade Dress in connection with products that appear almost identical to Kiraco's legitimate products.

**COMPLAINT**

19.     On information and belief, Defendants' actions have already confused and deceived, and threaten to further confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized and counterfeit Kiraco-branded products sold and distributed by Defendants. By its wrongful conduct, Defendants have traded upon and diminished the goodwill of the AppleOnTop Trade Dress. Further, the sale and distribution of counterfeit goods by Defendants infringes upon the AppleOnTop Trade Dress.

20.     Defendants, by offering to sell, selling, importing, and encouraging others to import counterfeit goods in this manner, are causing and are likely to cause further confusion or mistake or deceive consumers who purchase the unauthorized and counterfeit goods.

21.     On information and belief, Defendants also offered to sell, sold, imported, and/or encouraged others to import for purpose of resale within the United States counterfeit goods consisting of reproductions and/or copies of the products exploiting the AppleOnTop Trade Dress. Defendants' use of the AppleOnTop Trade Dress was done without Kiraco's authorization.

## FIRST CAUSE OF ACTION

### (Trade Dress Infringement, 15 U.S.C. § 1114)

### (By Plaintiff against All Defendants)

22.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 above as though fully set forth herein.

23.     Kiraco is the legal owner of the federally registered AppleOnTop Trade Dress, as set forth in detail in the foregoing paragraphs.

24.     The AppleOnTop Trade Dress is a valid, protectable, and distinctive trade dress that Kiraco, and its predecessor in interest, Kiraco LLC, continuously uses and used to promote its goods since the date of first use as designated in the United States Patent and Trademark Office records.

**COMPLAINT**

25.    Defendants have used the AppleOnTop Trade Dress in violation of 15 U.S.C. § 1114.

26.    Indeed, Defendants' use of confusingly similar imitations of the AppleOnTop Trade Dress, which is registered, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products are manufactured, produced, distributed, endorsed, sponsored, approved, or connected with Kiraco. Plaintiff is informed and believes, and based thereon alleges, that Defendants utilized the AppleOnTop Trade Dress in order to create consumer confusion and has in fact created consumer confusion including but not limited to initial interest confusion and confusion as to affiliation or association between Kiraco, on the one hand, and Defendants, on the other.

27.    At no time did Defendants have the authorization, legal right, or consent to engage in such activities in disregard of Kiraco's rights in the AppleOnTop Trade Dress.

28.    Defendants' actions complained of herein were intentional, willful, and malicious with a deliberate intent to trade on the goodwill associated with the AppleOnTop Trade Dress.

29.    Plaintiff is informed and believes, and based thereon alleges, that as a proximate result of the unfair advantage accruing to Defendants' business from deceptively trading on Kiraco's advertising, sales, and consumer recognition, Defendants have made substantial sales and profits in amounts to be established according to proof.

30.    As a proximate result of the unfair advantage accruing to Defendants' businesses from deceptively trading on Kiraco's advertising, sales, and consumer recognition, Kiraco has been damaged and deprived of substantial sales and has been deprived of the value of its trade dress as a commercial asset, in amounts to be established according to proof.

**COMPLAINT**

31.     Plaintiff is informed and believes, and based thereon alleges, that unless restrained by the Court, Defendants will continue to infringe the AppleOnTop Trade Dress, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception. Further, Plaintiff is informed and believes, and based thereon alleges, that in the absence of injunctive relief, customers are likely to continue to be mistaken or deceived as to the true source, origin sponsorship, and affiliation of Defendants and their goods.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts were committed, and continue to be committed, with actual notice of Kiraco's exclusive rights, with an intent to cause confusion, to cause mistake, and/or to deceive, and cause injury to the reputation and goodwill associated with Kiraco and Kiraco's products. At a minimum, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117. In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing materials in Defendant's possession.

## SECOND CAUSE OF ACTION

### (Trademark Counterfeiting, 15 U.S.C. § 1116)

### (By Plaintiffs against All Defendants)

33.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 above as though fully set forth herein.

34.     Counterfeiting has been recognized as a serious issue resulting in tremendous losses to American businesses. To combat counterfeits, Congress passed the Anti-Counterfeiting Consumer Protection Act of 1966 (ACPA).

35.     Defendants' actions also constitute use of one or more "counterfeit marks," as defined in 15 U.S.C. § 1116(d)(1)(B).

**COMPLAINT**

36.     Defendants' unauthorized use of the AppleOnTop Trade Dress in connection with the sale and offer for sale of the counterfeit has caused and is causing consumer confusion about the source and sponsorship of these counterfeit goods.

37.     Defendants' sale of these counterfeit products has caused considerable damage to the goodwill of Kiraco and diminished the brand recognition of the AppleOnTop Trade Dress.

38.     The sales of these counterfeit products by Defendants have further resulted in lost profits to Kiraco and have resulted in a windfall for Defendants.

39.     Plaintiff reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

40.     Because of the willful nature of the counterfeiting, Plaintiff is entitled to an award of statutory damages of up to $2,000,000 per mark infringed under 15 U.S.C. § 1117(c)(2).

41.     In the alternative, and at a minimum, Plaintiff is entitled to injunctive relief, and to recover Defendants' profits, actual damages, enhanced profits, and treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117(b).

42.     The acts of direct and/or contributory counterfeiting committed by the Defendants have caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## **THIRD CAUSE OF ACTION**

### **(False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a))**

### **(By Plaintiffs against All Defendants)**

43.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 42 above as though fully set forth herein.

/ / /

/ / /

**COMPLAINT**

44.     Kiraco is informed and believes, and based thereon alleges, that the AppleOnTop Trade Dress has become associated in the minds of consumers with Kiraco and its respective goods.

45.     Defendants have caused to enter into interstate commerce hookah products that Defendants marketed through use of the AppleOnTop Trade Dress that are likely to cause confusion with authentic products.

46.     The marketing and sale of Defendants' hookahs bowls and trays constitutes false designation of origin, which is likely to cause confusion and mistake. and to deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by Kiraco.

47.     Kiraco is informed and believes, and based thereon alleges, that as a proximate result of Defendants' false designation of origin, Defendants stand to make substantial sales and profits in amounts to be established according to proof.

48.     Kiraco is informed and believes, and based thereon alleges, that unless restrained by this Court, Defendants will continue to designate falsely the origin of their goods, causing irreparable damage to Plaintiff and engendering a multiplicity of lawsuits. Pecuniary compensation will not afford Kiraco adequate relief for its resulting damages. Further, Plaintiff is informed and believes, and based thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' goods and services.

49.     Kiraco is informed and believes, and based thereon alleges, that Defendants' acts were committed, and continue to be committed, with actual notice of the AppleOnTop Trade Dress and with an intent to cause confusion, to cause mistake, and to deceive, and to cause injury to the reputation and goodwill associated with Kiraco and Kiraco's genuine products.

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### (Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

### (By Plaintiffs against All Defendants)

48.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 47 above as though fully set forth herein.

49.    Defendants' conduct as alleged herein constitutes unfair and deceptive acts or practices in the course of a business, trade, or in commerce, in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq*.

50.    Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' wrongful conduct as described above, Defendants have gained property and revenues properly belonging to Kiraco. Kiraco therefore seeks restitution of these amounts. Kiraco also seeks injunctive relief restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them from further engaging in acts of unfair competition and/or fraudulent business acts against Kiraco and its intellectual property.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

### (By Plaintiffs against All Defendants)

51.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 50 above as though fully set forth herein.

52.    Upon information and belief, Defendants will continue to infringe the AppleOnTop Trade Dress.

53.    By the acts and activities of Defendants complained of herein, Defendants have been unjustly enriched.

54.    As a direct and proximate result of the acts and activities of Defendants complained of herein, Kiraco has been damaged in an amount not yet ascertainable. When Kiraco has ascertained the full amount of damages, it will seek leave of court to amend this Complaint accordingly.

12

**COMPLAINT**

55.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, with full knowledge of the adverse effect of their actions on Kiraco, and with willful and deliberate disregard for the consequences to Kiraco.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     With regard to Kiraco's claim for counterfeiting:

    a.     For Defendants' profits and statutory damages of $2,000,000 per mark under the ACPA;

    b.     For trebling of damages for Defendant's profits;

    c.     For attorneys' fees;

    d.     For costs of suit;

    e.     For joint and several liability for landlords, officers, and directors for the knowing participation in the counterfeiting activities of the respective Defendants;

    f.     For the impoundment and destruction of all counterfeit products, as well as the destruction of all tools, machines or other instrumentalities that were used to manufacture and display the counterfeit products;

2.     With regard to Kiraco's claims for trade dress infringement and false designation of origin:

    a.     For Defendants' profits pursuant to the Lanham Act;

    b.     For damages sustained by Plaintiff due to Defendants' trademark infringement;

    c.     For trebling of damages for Defendants' willful conduct;

    d.     For attorneys' fees;

    e.     For costs of suit;

**COMPLAINT**

3.      For restitution in an amount to be proven at trial for unfair, fraudulent, and illegal business practices under Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

4.      For an order preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with them and each of them from the import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the unauthorized and counterfeit Kiraco products as identified in the complaint and any other unauthorized Kiraco product or colorful imitation thereof;

5.      For an order pursuant to 15 U.S.C. § 1116(a) directing Defendants to file with the court and serve on Kiraco within thirty (30) days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6.      For an order from the Court requiring that Defendants provide complete accountings and for equitable relief including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and pay restitution, including the amount of monies that should have been paid if Defendants have complied with their legal obligations, or as equity requires;

7.      For an order pursuant to 15 U.S.C. § 1118 requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver to Plaintiff for destruction of all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control baring any of the Kiraco trademarks.

8.      For damages in an amount to be proven at trial for unjust enrichment;

9.      For an award of exemplary and punitive damages in amount to be determined by the Court;

14

**COMPLAINT**

1        10.     For Plaintiff's reasonable attorneys' fees;

2        11.     For all costs of suit; and

3        12.     For such other and further relief as the Court may deem just and

4 equitable.

5

6 Dated:  May 19, 2025             **ONE LLP**

7

8                   By: /s/ Joanna Ardalan

9                      Joanna Ardalan

10                      Attorneys for Plaintiff,
                        Kiraco 2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  May 19, 2025                    **ONE LLP**

                                        By: /s/ Joanna Ardalan
                                            Joanna Ardalan
                                            Attorneys for Plaintiff,
                                            Kiraco 2

**COMPLAINT**